IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SUSAN BOYD,

          Plaintiff,

vs.                                                                                  Civil Action Number:

LIFE INSURANCE COMPANY OF
NORTH AMERICA and UNILEVER
UNITED STATES, INC.,
          Defendants.

## COMPLAINT

AND NOW, comes the Plaintiff, Susan Boyd, by and through her undersigned counsel, Gregory G. Paul, and files the within Complaint, to obtain declaratory relief, and recover denied benefits including long-term disability and waiver of premium for life insurance benefits under an ERISA employee benefit plan, statutory penalties for failure to provide the claims file including "relevant documents" and instruments preventing a full and fair review, and to recover costs, prejudgment interest and attorney's fees.

## JURISDICTION AND VENUE

1.    This is an action brought pursuant to section 502(a), (e)(1) and (f) of ERISA 29 U.S.C. §§1132(a), (e)(1) and (f). The Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1), 28 U.S.C. §1331 and 28 U.S.C. §1367(a). Under §502(f) of ERISA, 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

2.    Venue is properly laid in this district pursuant to section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the subject employee benefit plan is administered in this district, the breaches of duty herein alleged occurred in this district, and one or more of the defendants

resides or is found in this district, and pursuant to 28 U.S.C. §1391(b), in that the causes of action arose in this district.

## PARTIES

3. Plaintiff, Susan Boyd, is an adult individual who resides in Suffolk, Virginia.

4. Defendant, Unilever United States, Inc., is a benefit plan as defined by ERISA doing business with its principal place of business located at 800 Sylvan Avenue, Englewood, NJ who appointed "the Insurance Company as the named fiduciary for deciding claims for benefits under the Plan, and for deciding any appeals of denied claims".

5. Defendant, Life Insurance Company of America d/b/a Cigna Group Insurance ("LINA"), accepted the above delegation of decisional control over the claims process and fiduciary duties and acted as the Plan administrator and insurer of the Plan. LINA conducts its business from Pittsburgh, PA 15242.

## SUMMARY OF ACTION

6. Ms. Boyd worked as a store clerk for Unilever, Inc. until she was unable to continue working full-time on December 22, 2012.

7. Ms. Boyd was unable to continue working in her own occupation due symptoms related to an unsuccessful back fusion surgery on L2-S1 on February 13, 2013.

8. CIGNA paid "own occupation" disability benefits for two years up until June 19, 2015.

9. Ms. Scott applied for and receives Social Security Disability finding her totally and permanently disabled.

10. Following an initial denial on or about April 10, 2014, which plaintiff timely appealed, Defendants issued another denial on July 14, 2014. A final denial dated November 30, 2015.

11. Defendants' denial was based upon the non-examining, peer review physician, Ramin Rabbani, M.D., who found no objective evidence of limitations and failed to consider chronic pain.

12. Ms. Boyd was post two year "own occupation" definition of disability and was in the "any occupation" which states that benefits are payable when "unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and unable to earn 60% or more of his or her indexed earnings from working in his or her regular occupation".

13. Unilever, Inc. appointed LINA as its claims fiduciary.

14. LINA was in possession of the requested documents at all relevant times.

15. LINA was responsible for the dissemination of the relevant documents as evidenced by it responding to plaintiff's written request for information.

16. LINA provided claim forms to plaintiff for her and her physicians to complete.

17. LINA made the decision to initially pay disability benefits and later to deny them.

18. LINA informed plaintiff of both the initial decision to pay benefits and subsequent decision to deny them on its letterhead.

19. Plaintiff never received any communications from Unilever, Inc. with respect to the long-term disability benefits claims process or decision to approve or deny long-term disability benefits.

20. LINA was appointed the claims fiduciary and at all relevant times acted as the plan administrator exercising sufficient decisional control over the claim process rendering it the *de facto* plan administrator.

## COUNT ONE
## DUTY TO PROVIDE DOCUMENTS UNDER 29 U.S.C. 1332(a)(1)(A) and (c)(1))

21. Paragraphs 1-20 are re-alleged and incorporated by reference as if fully set forth herein.

22. On or about June 26, 2017, plaintiff requested copies of plan documents, summary plan description, complete claims file and medical evidence used to deny the claim, and communications whether by memo, letter or email. This letter was addressed to the Disability Claim Manager at CIGNA and to "Plan Administrator c/o Cigna Group Insurance".

23. Plaintiff received a copy of the policies and what is referred to as the "claim file". However, plaintiff did not receive certain documents including CIGNA's Blue Book, claim manuals, written protocols, rules, or even the qualifications of the reviewers of their claims file.

24. ERISA requires administrator's to produce information under two different statutory provisions: 29 U.S.C. § 1024 and 29 U.S.C. § 1029.

25. Pursuant to 29 U.S.C. § 1024:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, **or other instruments under which the plan is established or operated.**

29 U.S.C. § 1024(b)(4) (Emphasis added)

26. Pursuant to 29 U.S.C. § 1029:

> **(c)    Format and content of summary plan description, annual report, etc., required to be furnished to plan participants and beneficiaries**

4

> **The Secretary may prescribe the format and content of** the summary plan description, the summary of the annual report described in section 1024(b)(3) of this title and **any other report, statements or documents** (other than the bargaining agreement, trust agreement, contract, or other instrument under which the plan is established or operated), **which are required to be furnished or made available to plan participants and beneficiaries receiving benefits under the plan.**

29 U.S.C. § 1209(c) (Emphasis added).

27. ERISA's document penalty provisions apply when an administrator fails to provide the plan documents specifically discussed in 29 U.S.C. § 1024(b)(4) <u>and</u> when an administrator withholds other reports, statements or documents that "are required to be furnished or made available to plan participants." 29 U.S.C. § 1209(c).

28. Under 29 U.S.C. § 1132(c) and 29 U.S.C. § 1209(c), the Secretary of Labor is given authority to establish the format and content of what documents are required to be produced. Therefore, "Any administrator…who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish…may in the court's discretion be personally liable" for a penalty pursuant to 29 U.S.C. § 1132(c).

29. Additionally, the Secretary has general authority under "this subchapter" to "prescribe such regulations as he finds necessary or appropriate to carry out the provisions of this title." 29 U.S.C. § 1135. The Secretary has promulgated 29 C.F.R. § 2560.503-l(h) which requires that a claimant receive a full and fair review of an adverse benefit decision. Part of a full and fair review requires that a claimant

> shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section

29 C.F.R. § 2560.503-l(h)(2)(iii).

30. At paragraph (m)(8) the Secretary explains what documents are relevant to the claim and are to be produced under ERISA:

> A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information
>
> (i) Was relied upon in making the benefit determination;
>
> (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
>
> (iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
>
> (iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. § 2560.503-l(m)(8)(i-iv).

31. Based on this conduct, defendant is in violation of ERISA § 502(a)(1)(A) and (c)(1) by failing to supply information and comply with notice requests.

32. Defendants failed to comply with plaintiff's request by not providing any documents including "relevant documents" as defined under section 503-1(m)(8) to include not only those documents considered but also those documents "submitted, considered or generated". Furthermore, these documents require disclosure of documents that demonstrate defendants' compliance with (b)(5) that the plan has been applied consistently to similarly situated claimants. Defendants failed to identify all of the medical and vocational experts whether relied upon or not. Defendants failed to identify the actual reviewer and his or her credentials. Last, defendants failed to provide internal rules, guidelines and protocols relied upon or applied in terminating plaintiff's claim for benefits.

## COUNT TWO
## (CLAIM FOR LTD "ANY OCCUPATION"
## BENEFITS UNDER THE PLAN- 29 USC 1132(a)(1)(B))

33. Paragraphs 1-32 are re-alleged and incorporated by reference as if fully set forth herein.

34. The Plan provides the Plaintiff is entitled to Long-Term Disability Benefits and Life Insurance with a waiver of the premium while disabled within the meaning of the Plan.

35. Plaintiff has established her disability within the meaning of the Plan and is entitled to all benefits because she is unable to perform the material duties of any occupation for which she is, or may reasonably become, qualified for based on education, training or experience and unable to earn 60% or more of her Indexed Earnings.

36. On or about November 30, 2015, Defendants denied long-term disability benefits and life insurance with a waiver of the premium. Plaintiff is entitled to this coverage under the Plan because her medical conditions prevent her from performing the material duties of any occupation.

37. Defendants' denial of the above employee benefits constitutes denial of benefits governed by ERISA and adversely affects her eligibility for future benefits.

38. Plaintiff has exhausted all administrative levels of appeal by the issuance of the final denial letter dated November 30, 2015.

39. Defendants' denial was based upon a medical review that failed to consider chronic pain and failed to perform a vocational analysis.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Susan Boyd, respectfully prays that the Court: (1) declare that the Defendants are obligated to pay Plaintiff her past due Waiver of Premium/Life Insurance Benefits; (2) declare that the Defendants be assessed and ordered to pay $110 per day for the

failure and/or refusal to provide requested Plan documents, schedules and policies pursuant to 29 U.S.C. §1132(c)(1); (3) issue an inunction and declaratory relief that LINA produce all relevant documents under section 503-1(m)(8) to include not only those documents considered but also those documents "submitted, considered or generated" in compliance with (b)(5) that the plan has been applied consistently to similarly situated claimants, identify all of the medical and vocational experts whether relied upon or not, identify the actual reviewer and his or her credentials, provide internal rules, guidelines and protocols relied upon or applied in terminating plaintiff's claim for benefits; and (4) award retroactive long-term disability benefits and reinstate future benefits; (5) award Plaintiff the costs of this action, interest, and reasonable attorneys' fees; and (6) award such other further and different relief as may be just and proper.

    Respectfully submitted,

    MORGAN & PAUL, PLLC

    /s/ Gregory G. Paul
    GREGORY G. PAUL
    PA ID Number:  83334
    First & Market Building
    100 First Avenue, Suite 1010
    Pittsburgh, PA 15222
    (412) 259-8375
    (888) 822-9421 (facsimile)
    gregpaul@morgan-paul.com

    Attorney for Plaintiff

Dated:  October 11, 2017